IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PATSY T. CANNON, <br><br> Plaintiff, <br><br> vs. <br><br> HUMANA INSURANCE COMPANY A/K/A AND D/B/A HUMANA HEALTH PLAN INC. <br><br> Defendant. | No. 3:12-0949 <br> Judge Sharp <br> Magistrate Judge Griffin |

## INITIAL CASE MANAGEMENT ORDER # 1

Pursuant to Local Rule 16.01(d), Plaintiff Patsy T. Canon ("Plaintiff" or "Canon") and Defendant Humana Insurance Company ("Humana") respectfully submit the following Proposed Initial Case Management Order.

**A. JURISDICTION**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1132(e). Plaintiff's claim relates to an employee welfare benefit plan as that term is defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

**B. BRIEF THEORIES OF THE PARTIES**

1. <u>Plaintiff's Theory</u>

Defendant wrongly refused to pay Plaintiff, a beneficiary of Defendant's medical health insurance policy, for covered medical expenses for surgery which Defendant specifically represented would be covered. Defendant negligently and/or intentionally misrepresented to Plaintiff said treatment by the medical doctor in question would be covered and approved.

1

N HPS 931268 v1
2900125-000047 10/24/2012

Plaintiff relied upon these misrepresentations to her detriment and she would not have proceeded with surgery had she not been told that it was approved.

2. <u>Defendant's Theory</u>

Defendant asserts that Plaintiff's Complaint relates to an employee welfare benefit plan as that term is defined by ERISA. Therefore, to the extent Plaintiff attempts to state one or more causes of action under state law relating to the administration or processing of a claim for certain health insurance benefits, such claims are barred and preempted by ERISA. Defendant further asserts that it has acted in accordance with the documents and the instruments governing the Policy, and any obligations that Defendant may have under ERISA and the regulations promulgated thereunder.

C. **ISSUES RESOLVED**

Jurisdiction is disputed, but venue is not disputed. The parties also agree that Defendant issued a group health insurance policy to Plaintiff's employer, Snodgrass and King Dental Associates, and that Plaintiff was a "covered person" as defined by the policy.

D. **ISSUES STILL IN DISPUTE**

Whether Defendant was required to provide certain health insurance benefits requested by Plaintiff under the terms of the Policy.

E. **INITIAL DISCLOSURES**

The parties shall exchange the initial disclosures required under Fed. R. Civ. P. 26(a)(1) on or before December 14, 2012.

F. **DISCOVERY**

The parties shall complete all written discovery and depose all fact witnesses on or before April 15, 2013. Discovery is not stayed during dispositive motions, unless ordered by the Court.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Griffin.

G. **MOTIONS TO AMEND**

The parties shall file all motions to amend the pleadings on or before April 15, 2013.

H. **DISCLOSURE OF EXPERTS**

Plaintiff shall identify and disclose all expert witnesses and expert reports on or before May 17, 2013. Defendant shall identify and disclose all expert witnesses and reports on or before June 17, 2013.

I. **DEPOSITIONS OF EXPERT WITNESSES**

The parties shall depose all expert witnesses on or before August 16, 2013.

J. **MEDIATION REPORT**

The parties agree to consider mediation to resolve all issues at least 60 days before trial and submit a mediator's report. The parties believe that the prospects for settlement are fair.

K. **DISPOSITIVE MOTIONS**

The parties shall file all dispositive motions on or before September 30, 2013. Responses to dispositive motions shall be filed within 21 days after filing. Replies, if any, shall be filed within 14 days after filing of the response.

L. **ESTIMATED TIME OF TRIAL**

The parties expect the trial to last approximately 2 days.

IT IS SO ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

**APPROVED FOR ENTRY:**

*/s/ Hans P. Schmidt*
Hans P. Schmidt (BPR # 028108)
211 Commerce Street
Suite 800
Nashville, Tennessee 37201
(615) 726.5624 (telephone)
(615) 744.5624 (facsimile)
hschmidt@bakerdonelson.com
*Counsel for Defendant*

*/s/ Van French*
Van French (BPR #6922)
2550 Meridian Blvd., Suite 200
Franklin, TN 37067
(615) 567-8073 (tel.)
vanfrnch@gmail.com

*Counsel for Plaintiff*

4