IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATSY T. CANNON )
) No. 3-12-0949
v. )
)
HUMANA INSURANCE COMPANY )
a/k/a and d/b/a Humana Health Plan, )
Inc. )

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' proposed initial case management order with slight modifications addressed at the initial case management conference held on October 29, 2012. Those modifications and other matters addressed on October 29, 2012, are as follows:

1. The plaintiff's surname is Canon, not Cannon.

Accordingly, the Clerk is directed to terminate Patsy T. Cannon as the plaintiff in this case and to substitute therefor Patsy T. Canon.

2. Defendant's counsel represented that the proper defendant is Humana Insurance Company (without the a/k/a and d/b/a), which issued the policy. Plaintiff's counsel shall determine if he agrees and, if so, the parties shall file an agreed order substituting Humana Insurance Company for Humana Insurance Company a/k/a and d/b/a Humana Health Plan, Inc. as the defendant in this case.

3. By December 11, 2012, the parties shall file a joint status/mediation statement, indicating whether they have explored the possibility of settlement and, if they have reached a settlement, when they will file an agreed order or stipulation of dismissal, and, if they have not reached a settlement, whether they believe that the potential for settlement remains and, if so, whether they believe that they will be able to reach a resolution of the case themselves and, if not, whether they believe that private mediation or a settlement conference would be productive.

In the status report, the parties shall also indicate whether or not the plaintiff agrees that the case is covered by ERISA and, if so, whether the plaintiff agrees that she is not entitled to a jury trial.

4. By December 14, 2012, the defendant shall file the administrative record.

5. Although jurisdiction remains disputed, the plaintiff does not dispute venue.

6 As provided in the contemporaneously entered order, all written discovery and all depositions of fact witnesses shall be completed by April 15, 2013. That means that all written discovery shall be served by April 15, 2013.

7. Any discovery motion relating to fact discovery shall be filed by June 3, 2013. Alternatively, counsel shall, by June 3, 2013, schedule a telephone conference call with the Court to address any discovery issues or disputes.

8. The plaintiff shall have until May 17, 2013, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

9. The defendant shall have until June 17, 2013, to serve Rule 26(a)(2) expert disclosures.

10. Any rebuttal expert disclosures shall be served by July 17, 2013.

11. Any dispositive motion shall be filed by September 30, 2013. Any response shall be filed within 21 days of the filing of the motion or by October 21, 2013, if the motion is filed on September 30, 2013. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by November 4, 2013, if the response is filed on October 21, 2013.

No other filings in support of or in opposition to any dispositive motion shall be made after November 4, 2013, except with the express permission of the Honorable Kevin H. Sharp.

Memoranda in support of or in opposition to any dispositive motion shall not exceed twenty (20) pages.

There shall be no stay of discovery before the April 15, 2013, deadline for completion of fact discovery or the August 16, 2013, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

2

In consultation with Judge Sharp's office, a trial is scheduled to begin on **Tuesday, February 18, 2014, at 9:00 a.m.,** in Courtroom A-826, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties expect the trial to last two (2) days.[1]

The pretrial conference is also scheduled before Judge Sharp on **Monday, January 27, 2014, at 3:30 p.m.,** in Courtroom A-826.

The parties' obligations prior to the pretrial conference will be set forth by order entered closer to the trial date.

It is so ORDERED.

*[signature]*
JULIET GRIFFIN
United States Magistrate Judge

---

[1] A jury trial is scheduled because the plaintiff demanded a jury. However, if the parties agree that this is an ERISA case, it is likely that the case will be resolved on a motion for judgment on the administrative record, see Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609 (6th Cir. 1998), and, if there is a trial, the trial will be a bench trial.